IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | C/A No. 9:23-cv-05068-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Chief Alonzo Thompson, Sheriff Chuck Wright, Jessica Clerk, Hope Hicks, Unknown Name Agents of Metro COPS, Unknown Name Agents of Securus Technologies Phone Company, Jessica Jackson, Unknown Named Agents of GBI, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Amended Complaint alleging violations of his constitutional rights. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On June 4, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Plaintiff has not filed objections to the Report. The Court notes that Plaintiff did file a motion for issuance of a subpoena in which he requests information to allow him to complete the Forms USM-285. The Magistrate Judge recommends summary dismissal based upon a review of the merits of Plaintiff's claims. Additionally, she recommends dismissal because Plaintiff failed to bring this action into proper form, including completion of the Forms USM-285. The Court is of the opinion that Plaintiff's motion for issuance of subpoena could possibly be liberally construed as objections to the portion of the Report recommending dismissal for failure to bring this case into proper form. The Court is further of the opinion that this document should not be considered

objections to the portion of the Report recommending summary dismissal based upon the merits of Plaintiff's claims.  Nevertheless, out of an abundance of caution, the Court has reviewed the entirety of the Report, the record, and the applicable law de novo.  Upon such review, the Court agrees with the Magistrate Judge that this action is subject to summary dismissal based upon a review of the merits of Plaintiff's claims.

Therefore, based on the foregoing, the Court adopts the portion of the Report recommending dismissal of Plaintiff's claims upon review of the merits.  ECF No. 12 at 1–11.  This action is **DISMISSED** without prejudice and without leave to amend.  The Court finds the remainder of the Report and the motion for issuance of subpoena [14] as **MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 25, 2024
Spartanburg, South Carolina

3